Carla G. McClurg, CSB 227738
carla.mcclurg@usdoj.gov
Office of the United States Trustee
620 SW Main Street, Suite 213
Portland, OR 97205
Telephone: (503) 326-7659
Facsimile:  (503) 326-7658

Attorney for Robert D. Miller Jr., Acting United States Trustee

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No.  09-6082-HO<br>(Reference withdrawn in Bankruptcy Case No. 08-36637-tmb11)<br>**LEAD CASE** |
| Stayton SW Assisted Living, LLC dba Lakeside Assisted Living Community, | |
| | THE FOLLOWING CASES ARE JOINTLY ADMINISTERED WITH 08-36637-tmb11 |
| Medallion Assisted Living Limited Partnership, dba Medallion Senior Living, | Nos.  08-36638-tmb11 |
| Colonial Gardens, LLC, aka Colonial Gardens Residential Care Community, | 08-36655-tmb11 |
| Hendersonville Senior Living, LLC, | 08-36673-tmb11 |
| Champlin, LLC | 08-37147-tmb11 |
| Court at Clifton Park, LLC, | 08-37154-tmb11 |
| Court at Greece, LLC, | 08-37158-tmb11 |
| Court at Orchard Park, LLC, | 08-37161-tmb11 |
| Kearney Senior Living, LLC | 08-37152-tmb11 |
| McCook Senior Living, LLC, | 08-37148-tmb11 |
| Montclair Senior Living, LLC, | 08-37159-tmb11 |
| Sanddollar Court Memory Care, LLC | 08-37157-tmb11 |

Page 1  -  **UNITED STATES TRUSTEE'S RESPONSE TO ORDER TO SHOW CAUSE WHY PATIENT CARE OMBUDSMAN SHOULD NOT BE TERMINATED**

| | |
|---|---|
| Seward Senior Living, LLC, | 08-37168-tmb11 |
| St. George Senior Living, LLC | 08-37155-tmb11 |
| Vancouver Care, LLC, | 08-37156-tmb11 |
| Vegas Assisted Living, LLC, | 09-30151-tmb11 |
| Village at Greece, LLC, | 08-37149-tmb11 |
| Wayne Senior Living, LLC, | 08-37146-tmb11 |
| W-E Specialized Care, LLC, | 08-37151-tmb11 |
| Debtors. | **UNITED STATES TRUSTEE'S RESPONSE TO ORDER TO SHOW CAUSE WHY PATIENT CARE OMBUDSMAN SHOULD NOT BE TERMINATED** |
| | **HEARING REQUESTED** |

The Acting United States Trustee, Robert D. Miller Jr., by and through Trial Attorney Carla G. McClurg, hereby responds to the court's order to show cause why the appointment of the patient care ombudsman in the above jointly administered cases should not be terminated (docket #303).

This court withdrew the reference of the bankruptcy court in these jointly administered bankruptcy cases pursuant to an order entered on April 29, 2009. Before this court withdrew the reference, on January 28, 2009, Judge Trish M. Brown ordered the United States Trustee to appoint a patient care ombudsman in all of these jointly administered cases (except four New York debtors that do not operate senior living facilities[1]) to monitor the quality of patient care, file reports, and take immediate action

---

[1] The four cases in which Judge Brown did not order the United States Trustee to appoint a patient care ombudsman include: In re Court at Clifton Park, LLC, Case No. 08-37154-tmb11; In re Court at Greece, LLC, Case No. 08-37158-tmb11; In re Court at Orchard Park, LLC, Case No. 08-37161-tmb11; and In re Village at Greece, LLC, Case No. 08-37149-tmb11.

Page 2 - **UNITED STATES TRUSTEE'S RESPONSE TO ORDER TO SHOW CAUSE WHY PATIENT CARE OMBUDSMAN SHOULD NOT BE TERMINATED**

in the event that the quality of patient care declines (docket #124). The United States Trustee appointed Suzanne Koenig (the "Ombudsman") as the patient care ombudsman in these cases on February 4, 2009 (docket #147).[2]

The Bankruptcy Abuse and Consumer Protection Act of 2005 added section 333 to the Bankruptcy Code. Section 333 contains specific provisions regarding the appointment of a patient care ombudsman within 30 days after the commencement of any bankruptcy case for a "health care business." 11 U.S.C. § 333(a)(1). The patient care ombudsman essentially serves as a patient advocate who is responsible for monitoring the quality of patient care, reporting to the court on the status of patient care, and representing the interests of the patients. 11 U.S.C. § 333(b); see Collier on Bankruptcy ¶ 333.01 (15th ed. 2009).

Section 333 of the Bankruptcy Code makes the appointment of a patient care ombudsman mandatory if the debtor is a health care business "unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case." The language of section 333 is clear that the court must make a specific finding as to whether a patient care ombudsman is necessary for the protection of patients in a particular case.

The language of section 333 further makes it clear that the well-being of patients is paramount. Cost is only one of the numerous factors that courts consider in deciding whether the appointment of an ombudsman is not necessary for the protection of patients. Courts have considered the following non-exclusive factors:

(1) The cause of the bankruptcy;

(2) The presence and role of the licensing or supervising entities;

(3) The debtor's past history of patient care;

(4) The ability of the patients to protect their rights;

---

[2] Suzanne Koenig's company, SAK Management Services, LLC, was employed in the jointly administered cases pursuant to an order entered on April 29, 2009 (docket # 265).

Page 3 - **UNITED STATES TRUSTEE'S RESPONSE TO ORDER TO SHOW CAUSE WHY PATIENT CARE OMBUDSMAN SHOULD NOT BE TERMINATED**

      (5)      The level of dependency of the patients on the facility;

      (6)      The likelihood of tension between the interests of the patients and the debtor;

      (7)      The potential injury to the patients if the debtor drastically reduced its level of patient care;

      (8)      The presence and sufficiency of internal safeguards to ensure appropriate level of care; and

      (9)      The impact of the cost of an ombudsman on the likelihood of a successful reorganization.

In re Valley Health System, 381 B.R. 756, 761 (Bankr. C.D. Cal. 2008); In re Alternate Family Care, 377 B.R. 754, 758 (Bankr. S.D. Fla. 2007).

      The Ombudsman is the only professional that is tasked with evaluating the quality of care afforded to these vulnerable residents. The United States Trustee has consulted with the Ombudsman regarding this court's order to show cause. The United States Trustee is convinced that the Ombudsman's services are necessary for the protection of the patients of the facilities in the cases in which she is appointed. The Ombudsman's reports filed thus far in these cases are the best proof that Congress was right to be concerned about patient welfare in bankrupt facilities.

      The court should hold a hearing and make specific findings consistent with section 333 of the Bankruptcy Code before determining if the Ombudsman should be terminated. The language of the statute suggests that those opposing an ombudsman bear the burden of demonstrating that an ombudsman is not necessary. To do so, they must present specific facts showing that patients are otherwise protected from the risks that led Congress to mandate an ombudsman for financially distressed health care businesses.

DATED this 21st day of September, 2009.

                                      Respectfully submitted,

                                      ROBERT D. MILLER JR.
                                      Acting United States Trustee


                                      /s/ Carla G. McClurg
                                      CARLA G. McCLURG, CSB# 227738
                                      Trial Attorney

26

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2009, I served a copy of the foregoing **UNITED STATES TRUSTEE'S RESPONSE TO ORDER TO SHOW CAUSE WHY PATIENT CARE OMBUDSMAN SHOULD NOT BE TERMINATED** by mailing a copy of this document, by United States first class mail, postage prepaid, addressed to the following:

Oregon Attorney General
Department of Justice
1162 Court St NE
Salem, OR 97301

I further certify that based on the District Court's electronic case filing records, the following person(s) will be served electronically when the foregoing document is filed with the court:

Charles D. Carlson
    ccarlson@carlson-thacker.com

Jeanne M. Chamberlain
    jeanne.chamberlain@tonkon.com,leslie.hurd@tonkon.com

Timothy J. Conway
    tim.conway@tonkon.com,nancy.kennedy@tonkon.com

David W. Criswell
    dcriswell@bjllp.com,swylen@balljanik.com

Michael A. Grassmueck
    mgrassmueck@grassmueckgroup.com

Andrew D. Hart
    ahart@sidley.com

James K. Hein
    james.hein@tonkon.com,judy.alexander@tonkon.com

Albert N. Kennedy
    al.kennedy@tonkon.com,leslie.hurd@tonkon.com

Suzanne Koenig
    petermann@gtlaw.com

Suzanne Koenig
    petermann@gtlaw.com

William L. Larkins , Jr

wlarkins@larkinsvacura.com,npowaga@larkinsvacura.com,lniknabard@larkinsvacura.com

Carla G. McClurg
carla.mcclurg@usdoj.gov,allen.c.painter@usdoj.gov,ustpregion18.pl.ecf@usdoj.gov

Rachael McIvor
Rachael@grassmueckgroup.com

Sophia Park Mullen
smullen@sidley.com

Nancy A. Peterman
petermann@gtlaw.com

Gary U. Scharff
gs@scharfflaw.com,buscharff@msn.com

Leon Simson
leon.simson@tonkon.com

Julie R. Vacura
jvacura@larkinsvacura.com,lniknabard@larkinsvacura.com

ROBERT D. MILLER JR.
Acting United States Trustee

/s/ Carla G. McClurg
CARLA G. McCLURG, CSB 227738
Trial Attorney