**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
   Direct Dial:  (503) 802-2013
   Facsimile:   (503) 972-3713
   E-Mail:     al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
   Direct Dial:  (503) 802-2027
   Facsimile:   (503) 972-3727
   E-Mail:     tim.conway@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

    Attorneys for Debtor

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | **USDC Case No. 09-cv-6082-HO** |
| **STAYTON SW ASSISTED LIVING, L.L.C.,** (Constituting the Sunwest Unitary Enterprise as determined by the Order entered on October 2, 2009 in U.S. District Court Case No. 09-cv-6056-HO), | Bankruptcy Court Case No. 08-36637-tmb11 (Reference Withdrawn) |
| Debtor. | **AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)** |

    THIS MATTER came before the Court on Debtor's *Motion for Order Authorizing the Sale of Property Free And Clear of Liens, Claims, Encumbrances, And Interests; And*

PAGE 1 -  AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)

*Granting Related Relief (Paragon Gardens)* (the "Sale Motion") and Debtor's *Motion to Assume And Assign Certain Executory Contracts And/Or Unexpired Leases Related to Paragon Gardens* (the "Contract Motion"; together with the Sale Motion, the "Motions")). The Court, having reviewed the Motions and finding that good cause exists therefor, and otherwise being fully advised; NOW, THEREFORE, IT IS HEREBY FOUND AND DETERMINED THAT:

    A.    This Court has jurisdiction to hear and determine the Motions pursuant to 28 U.S.C. §§ 105(a), 157(d), 365, and 1334.

    B.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    C.    Proper, timely, adequate, and sufficient notice of the Motions, the sale hearing, and objection procedures have been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Court's earlier *Order Limiting Notice and Approving Form And Manner of Notice and Objection Procedures for Motions to Sell Certain Properties Free and Clear of Liens, Claims, Encumbrances, and Interests* ("Procedures Order"), and no other or further notice is required.

    D.    The transactions contemplated by the Sale Motion, the purchase and sale agreement attached thereto ("Sale Agreement"), and related documentation have been negotiated at arms-length, in good faith and are in the best interests of Debtor's estate, its creditors, and the residents of Debtor's facilities. Debtor has demonstrated that it is an exercise of sound business judgment to enter into the transactions contemplated by the Sale Agreement and related documentation, and have appropriately exercised their fiduciary duties in maximizing the sale price for the property described in the Sale Agreement ("Property").

/ / /

PAGE 2 -    AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)

E. No bids for the purchase of the Property were submitted to Debtor other than the purchaser's offer as reflected in the Sale Agreement ("Purchaser"). Purchaser is the only Qualified Bidder for the Property and therefore no Auction for the Property is necessary.

F. Purchaser has acted in good faith and is therefore a purchaser in good faith of the Property entitled to the protections of Bankruptcy Code Section 363(m), and no evidence has been presented that would support avoidance of the transaction pursuant to Bankruptcy Code Section 363(n).

G. The bidding procedures, notice thereof, and Debtor's compliance therewith have afforded a full, fair, and reasonable opportunity for any entity to make a higher or better offer to purchase the Property.

H. The consideration being paid by Purchaser is fair and adequate consideration for the Property and represents the highest and best offer and will achieve the highest and best value to Debtor and its estate and creditors, and it will best provide for the interests of the residents of the facilities.

I. A reasonable opportunity to object or to be heard regarding the relief requested in the Motions has been afforded to all interested persons and entities.

J. Approval of the Sale Agreement and related documentation is in the best interests of Debtor and its estates and creditors.

K. Purchaser is not an insider, as that term is defined in the Bankruptcy Code, of Debtor. Furthermore, no insiders of Debtor are receiving or retaining any benefit, property or payments in connection with the sale of the Property or other transactions contemplated by the Sale Agreement and related documentation except to the extent such insiders have allowed

PAGE 3 -   AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)

claims against or equity interests in Debtor and, as a result, may participate in a distribution of sale proceeds.

L.  Purchaser, and its affiliates, successors, and assigns, are not, as a result of the transactions contemplated hereby or by consummating such transactions, successors to Debtor generally because, among other things: (i) other than as explicitly set forth in the Sale Agreement, Purchaser is not expressly or impliedly agreeing to assume any of Debtor's debts; (ii) the transactions contemplated by the Sale Agreement do not amount to a consolidation, merger or de facto merger of Debtor with Purchaser or any affiliates, successors, or assigns of Purchaser; (iii) Purchaser and its affiliates, successors, and assigns are not merely a continuation or extension of Debtor or any enterprise or product line of Debtor; and (iv) the transactions are not being entered into fraudulently or in order to escape liability from Debtor's debts.

M.  Sale of the Property is permitted pursuant to one or more provisions of Section 363(f)(1)–(5) of the Bankruptcy Code. Those non-debtor parties with liens, claims, encumbrances and interests of any kind or nature whatsoever in the Property who did not object to the Sale Motion and the relief requested therein, or who withdrew their objections, are deemed to have consented pursuant to sections 363(f)(2) of the Bankruptcy Code.

N.  Pursuant to 11 U.S.C. § 365(a) and (f), it is in the best interest of Debtor and its estate to authorize Debtor to assume and assign executory contracts and unexpired leases related to the Property, including but not limited to those contracts and leases identified on Schedules 2 and 4 to the Sale Agreement. The contemplated transactions will result in a benefit to the estate and Purchaser.

/ / /

PAGE 4 -  AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)

IT IS HEREBY ORDERED THAT:

1. The Sale Motion and the Contract Motion are GRANTED;

2. The Sale Agreement attached to the Sale Motion is hereby approved and incorporated herein by this reference.

3. Purchaser is the only Qualified Bidder for the Property, and therefore no auction for the Property is necessary.

4. All objections to the Motions or the relief requested therein, if any, are overruled and rejected in their entirety.

5. Purchaser is a good faith purchaser entitled to the protections afforded a purchaser pursuant to section 363(m) of the Bankruptcy Code. The sale of the Property to Purchaser under the Sale Agreement will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of every state, territory, and possession of the United States and the District of Columbia.

6. Clyde Hamstreet, as Chief Restructuring Officer ("CRO"), on behalf of Debtor and Paragon Gardens Limited Partnership, is authorized and directed to execute, deliver, fully perform under, consummate, and implement the Sale Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the transactions contemplated by the Sale Agreement.

7. Pursuant to Sections 105(a) and 363(b) and (f) of the Bankruptcy Code, on and as of the Closing Date, and except as expressly provided in the Sale Agreement, Purchaser (or its assignee) shall acquire all of Debtor's, Paragon Gardens Limited Partnership's, and the bankruptcy estate's right, title and interest in and to the Property, free and clear of: (a) all

PAGE 5 -   AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)

mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, restrictions, constructive or resulting trusts, rights of first refusal, or charges of any kind or nature, if any, including, but not limited to, any restrictions on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (collectively, "Interests"); and (b) all debts, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guarantees, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, and whether imposed by agreement, understanding, law, equity, or otherwise, arising in any way in connection with any acts, or failure to act, of Debtor, including, without limitation, any claims or liabilities arising out of or in connection with any employee benefit plan or any warranty or tort claims (collectively, "Claims"), whether arising before or after the commencement of the above-captioned Chapter 11 cases, with all such Interests and Claims released, terminated, and discharged as to the Property. All such Interests and Claims, if any, shall attach to the proceeds of sale of the Property paid to Debtor by Purchaser to the same extent and with the same priority, validity, force, and effect as such Interests and Claims had against the Property immediately prior to the Closing, except: (i) that such Interests and Claims shall not so attach to the proceeds paid to Debtor by Purchaser if and to the extent otherwise agreed by the holder of any such Interests and Claims, (ii) as necessary to effect the terms of the Sale Agreement, (iii) subject to any rights, claims, and defenses Debtor may possess as to such holder, and (iv) as may otherwise be provided in the Distribution Plan approved by the Court in *SEC v. Sunwest Management, Inc., et al.*, U.S. District Court Case No. 09-cv-6056-HO ("Distribution Plan").

PAGE 6 -   AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)

8.	Pursuant to Sections 365(a) and (f), Debtor is authorized to assume and assign to Purchaser any executory contracts and unexpired leases related to the Property, including but not limited to those contracts and leases identified on Schedules 2 and 4 to the Sale Agreement. Debtor is further authorized to pay any cure amounts for the assumed and assigned contracts and leases out of the sale proceeds.

9.	Neither the purchase of the Property by Purchaser, nor the subsequent use by Purchaser of any of the Property previously operated by Debtor, will cause Purchaser to be deemed successor in any respect to Debtor's business within the meaning of any federal, state or local revenue, pension, ERISA, tax, labor, or environmental law, rule, or regulation (including, without limitation, filing requirements under any such laws, rules, or regulations) or under any products liability law or doctrine with respect to Debtor's liability under such law, rules, regulations, or doctrines. Purchaser will have no liability or obligation under the WARN Act (29 U.S.C. §§ 2101 et seq.) or the Comprehensive Environmental Response Compensation and Liability Act, or any other federal, state, or local environmental law by virtue of Purchaser's consummation of the transactions contemplated by the Sale Agreement.

10.	On the Closing, each of Debtor's creditors and holders of Interests or Claims is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in or Claims against the Property, if any, as such Interests or Claims may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing interests in or claims against the Property shall not have delivered to Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction and

PAGE 7 -	AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)

releases of all Interests or Claims which the person or entity has with respect to the Property, (a) Debtor is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Property, and (b) Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests or Claims of any kind or nature whatsoever in or against the Property. The foregoing notwithstanding, the provision of this Order authorizing the sale of the Property free and clear of liens, claims, encumbrances, and interests shall be self-executing, and notwithstanding the failure of Debtor, Purchaser, or any other party to execute, file, or obtain releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or in the Sale Agreement with respect to the sale of the Property, all interests in or Claims against the Property shall be deemed unconditionally released, discharged, and divested. This Order is and shall be binding upon and govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

/ / /

/ / /

PAGE 8 -   AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF
        LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING
        DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND
        ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED
        LEASES (PARAGON GARDENS)

11. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

12. At Closing, Debtor is authorized to distribute the proceeds from the sale as proposed in the Sale Motion. Any previous co-owner in the Property shall receive, in exchange for its property interest, distribution rights as determined by the Distribution Plan. The automatic stay is hereby modified as necessary to permit the disbursements from escrow at Closing set forth above.

13. Except as expressly provided in the Sale Agreement, Purchaser is not assuming nor shall it in any way whatsoever be liable or responsible, as successor or otherwise, for any claims, liabilities, debts, or obligations of Debtor or its estate of any kind or character in any way whatsoever relating to or arising from the Property or Debtor's operations or use of the Property prior to the Closing, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, under the laws of the United States, any state, territory, or possession of the United States or the District of Columbia or any other country or foreign jurisdiction.

14. From and after entry of this Order, neither Debtor, its estate, any creditor, director, officer, employee or shareholder of Debtor, nor any other person or entity shall take or cause to be taken any action that would interfere with the transfer of the Property to Purchaser in accordance with the terms of this Order and the Sale Agreement.

15. After the Closing, no person or entity, including, without limitation, any federal, state, or local governmental agency, department, or instrumentality, shall assert by suit

PAGE 9 -   AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)

or otherwise against Purchaser or its successors in interest any Interests or Claims that such person or entity had, have, or may have against Debtor or the estates or any liability, debt, or obligation relating to or arising from the Property, or the use of the Property before or as of the Closing, and all persons and entities are hereby enjoined from asserting, prosecuting, or otherwise asserting against Purchaser in any way whatsoever any such Claims or Interests, except insofar as such Claims or Interests have been expressly assumed by Purchaser in writing pursuant to the Sale Agreement.

16. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions authorized herein.

17. This Court shall retain jurisdiction to (a) interpret, enforce and implement the terms and provisions of the Sale Agreement, all exhibits and amendments thereto, and any releases, waivers, and consents thereunder, and any agreements, transaction documents, or other instruments executed in connection therewith, (b) resolve any disputes arising under or related to the Sale Agreement and the closing requirements, except as otherwise provided therein, (c) compel delivery of the Property to Purchaser, and (d) interpret, implement, and enforce the provisions of this Order.

18. The provisions of the Sale Agreement and this Order, any actions taken pursuant thereto, and authorization for all payments made hereunder shall survive entry of any order which may be entered confirming any plan of reorganization or liquidation for Debtor, converting Debtor's case from chapter 11 to chapter 7 of the Bankruptcy Code, or dismissing Debtor's case. Nothing contained in any such plan or order shall conflict with, or derogate from, the provisions of the Sale Agreement or this Order (as applicable).

19. The Sale Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement is not material.

20. The failure to specifically include any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

21. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), and 7062, this Order shall be effective and enforceable immediately upon entry.

22. This Order shall bind Paragon Gardens Limited Partnership, Debtor, its estate, its creditors and interest holders, all of their respective officers, directors, and employees, any official or unofficial committee that has been or may be appointed in these cases, and any successor, trustee, or other responsible person, including any trustee appointed under Chapter 7 of the Bankruptcy Code.

DATED this _10th_ day of December, 2009.

Michael R. Hogan, U.S. District Court Judge

Presented by:

TONKON TORP LLP

By  /s/ James K. Hein
  Albert N. Kennedy, OSB No. 821429
  Direct Dial: (503) 802-2013
  Timothy J. Conway, OSB No. 851752
  Direct Dial: (503) 802-2027
    Attorneys for Debtor

PAGE 11 - AMENDED ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; APPROVING DISBURSEMENT OF SALE PROCEEDS; AND APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (PARAGON GARDENS)