**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
   Direct Dial:  (503) 802-2013
   Facsimile:   (503) 972-3713
   E-Mail:     al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
   Direct Dial:  (503) 802-2027
   Facsimile:   (503) 972-3727
   E-Mail:     tim.conway@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

   Attorneys for Debtor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| In re<br><br>**STAYTON SW ASSISTED LIVING, L.L.C.,**<br>(the Consolidated Sunwest Related Entities),<br><br>               Debtor. | **USDC Case No. 09-cv-6082-HO**<br><br>Bankruptcy Court<br>Case No. 08-36637-tmb11<br>(Reference Withdrawn)<br><br>**DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD FOR ACCEPTANCE OF A PLAN OF REORGANIZATION (11 U.S.C. § 1121)** |

Stayton SW Assisted Living, L.L.C. ("Debtor") moves this Court pursuant to 11 U.S.C. § 1121(d) for an order extending to May 28, 2010 the time within which to obtain acceptance of a plan of reorganization pursuant to 11 U.S.C.§ 1121(c)(3). In support of this motion, Debtor states as follows:

     1.    Prior to December 1, 2008, Debtor and Sunwest Management, Inc. were

PAGE 1 - DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD FOR
         ACCEPTANCE OF A PLAN OF REORGANIZATION (11 U.S.C. § 1121)

part of a group of hundreds of related entities involved in acquisition, development, design, construction, financing, insuring and operating senior living and other properties, assets, and operations (the "Sunwest Enterprise").

2. On December 1, 2008, Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. On March 2, 2009, the United States Securities and Exchange Commission ("SEC") commenced an action in the United States District Court for the District of Oregon against Sunwest and other persons and entities for, among other things, violation of federal securities laws and seeking an injunction and appointment of a receiver in *SEC v. Sunwest Management, Inc., et al.*, U.S. District Court Case No. 09-cv-6056-HO ("SEC Receivership Case"). On March 10, 2009, the Court entered its Order in the SEC Receivership case granting an injunction and appointing Michael Grassmueck as Receiver ("Receiver") and Clyde Hamstreet as Chief Restructuring Officer ("CRO") of the Receivership Entities as defined therein that were part of the Sunwest Enterprise ("Receivership Entities").

4. On October 2, 2009 in the SEC Receivership Case, the United States District Court entered its order (the "Approval Order") approving the Distribution Plan of Receiver and Chief Restructuring Officer for Sunwest Enterprise ("Distribution Plan"). The Court also entered Findings of Fact and Conclusions of Law. The Court recognized that the Receivership Entities were operated as a unitary enterprise that did not respect the legal separateness of the various entities, and the Court ordered that the assets and liabilities of the Receivership Entities be consolidated into the bankruptcy estate of Stayton and reorganized in this bankruptcy case.

5. On October 2, 2009, the consolidated schedules of assets and liabilities

and the consolidated statement of financial affairs for the Receivership Entities were filed in this case.

6. On December 22, 2009, the Court entered an Order Granting Joint Motion of Debtor, the Tenants-in-Common Committee and the Unsecured Creditors' Committee for Substantive Consolidation of Assets and Liabilities of Sunwest Related Entities ("Consolidation Order"). The Consolidation Order provided that all assets and liabilities of the entities identified therein ("Sunwest Entities") are substantively consolidated into Debtor's bankruptcy estate, that equitable title to real property held by all Sunwest Entities is consolidated in Debtor's bankruptcy estate, and that Debtor shall have the right to convey title to or interests in real property pursuant to a confirmed plan of reorganization or other order of the Court.

7. Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code. No trustee or examiner has been appointed in the Debtor's case.

8. Pursuant to prior order of this Court entered before the Consolidation Order, Debtor had the exclusive right to file a plan through November 30, 2009 pursuant to 11 U.S.C. § 1121(b) and obtain acceptance of a plan through January 29, 2010 pursuant to 11 U.S.C. § 1121(c)(3).

9. Pursuant to the Consolidation Order, the Petition Date with respect to the Consolidated Sunwest Related Entities is October 2, 2009 except for the previously filed stand-alone cases. Consequently, in accordance with 11 U.S.C. § 1121(c)(2) Debtor would have the exclusive right to file a plan through January 30, 2010 and pursuant to 11 U.S.C. § 1121(c)(3) the exclusive right to obtain acceptances of a plan through March 31, 2010.

10. On November 30, 2009, Debtor filed its Receiver's, CRO's and Debtor's Joint Plan of Reorganization. Debtor expects to be filing an Amended Plan of Reorganization.

11. Pursuant to 11 U.S.C. § 1121(d)(2)(B), on request of a party in interest, the Court may for cause increase the time within which Debtor has the exclusive right to obtain acceptances of a plan up to twenty (20) months after the date of the order for relief in the case.

12. In accordance with the development of its Plan of Reorganization, Debtor filed a Motion for Approval of Auction Process, Bidding Procedures, Overbid Protection, Break-Up Fee and Expense Reimbursement, and Approving Form and Manner of Notice and Scheduling a Hearing for Final Approval of the Sale ("Motion"). The Court has recently set Debtor's Motion for oral argument on March 10, 2010. The results of that hearing may affect the terms of Debtor's Amended Plan and the timing of obtaining acceptances of Debtor's Plan. Debtor has spent a considerable amount of time, effort and money in developing its proposed Plan, and the underlying transactions related thereto and submits that such efforts constitute cause for an extension of the time requested herein.

WHEREFORE, Debtor requests that this Court grant Debtor's Motion to extend exclusivity as requested herein and in the proposed form of order attached hereto as Exhibit 1.

DATED: January 28, 2010.

TONKON TORP LLP

By  */s/ Timothy J. Conway*
    Albert N. Kennedy, OSB No. 821429
    Direct Dial: (503) 802-2013
    Timothy J. Conway, OSB No. 851752
    Direct Dial: (503) 802-2027
    Attorneys for Debtor

# EXHIBIT 1

**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
   Direct Dial: (503) 802-2013
   Facsimile: (503) 972-3713
   E-Mail: al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
   Direct Dial: (503) 802-2027
   Facsimile: (503) 972-3727
   E-Mail: tim.conway@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
   Attorneys for Debtor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| In re<br><br>**STAYTON SW ASSISTED LIVING, L.L.C.,**<br>(the Consolidated Sunwest Related Entities),<br><br>    Debtor. | **USDC Case No. 09-cv-6082-HO**<br><br>Bankruptcy Court<br>Case No. 08-36637-tmb11<br>(Reference Withdrawn)<br><br>**ORDER EXTENDING EXCLUSIVITY PERIOD FOR ACCEPTANCE OF A PLAN OF REORGANIZATION (11 U.S.C. § 1121)** |

      THIS MATTER having come before the Court upon Debtor's Motion to Extend Exclusivity Period for Acceptance of a Plan of Reorganization (11 U.S.C. § 1121) and the Court having duly considered this matter and finding good cause therefor, NOW, THEREFORE,

\* \* \*

\* \* \*

\* \* \*

IT IS HEREBY ORDERED that Debtor's Motion is granted and Debtor shall have the exclusive right to obtain acceptances of a Plan of Reorganization pursuant to 11 U.S.C. § 1121 through May 28, 2010.

DATED this \_\_\_\_ day of _____, 2010.

                                              Michael R. Hogan, United States District Judge

Presented by:

TONKON TORP LLP

By _____
    Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
    Timothy J. Conway, OSB No. 851752
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:   503-221-1440
    Facsimile:    503-274-8779
    E-mail:       al.kennedy@tonkon.com
                     tim.conway@tonkon.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD FOR ACCEPTANCE OF A PLAN OF REORGANIZATION (11 U.S.C. § 1121)** was served on all ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

DATED: January 28, 2010.

TONKON TORP LLP

By  */s/ Timothy J. Conway*
Albert N. Kennedy, OSB No. 821429
Direct Dial: (503) 802-2013
Timothy J. Conway, OSB No. 851752
Direct Dial: (503) 802-2027
Attorneys for Debtor

034618/00002/1974679v1