**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
    Direct Dial:  (503) 802-2013
    Facsimile:    (503) 972-3713
    E-Mail:       al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
    Direct Dial:  (503) 802-2027
    Facsimile:    (503) 972-3727
    E-Mail:       tim.conway@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

    Attorneys for Debtor

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| In re | **USDC Case No. 09-cv-6082-HO** |
| **STAYTON SW ASSISTED LIVING, L.L.C.,** (the Consolidated Sunwest Related Entities), | Bankruptcy Court Case No. 08-36637-tmb11 (Reference Withdrawn) |
| Debtor. | **DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER AUTHORIZING POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364(d)** (Wichita Falls Apartments Property, LLC) |
| | *Expedited Hearing Requested* |

Stayton SW Assisted Living, L.L.C. (the Consolidated Sunwest Related Entities, including Wichita Falls Apartments Property, LLC) ("Debtor") moves this Court pursuant to 11 U.S.C. § 364(d) for interim and final orders substantially in the form attached hereto as Exhibit 1 ("Order") authorizing Debtor to obtain postpetition financing so that the current lender

PAGE 1 -  DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER AUTHORIZING
        POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364(d) (Wichita Falls
        Apartments Property, LLC)

on the property can advance funds consistent with the existing prepetition loan documents in order to pay for certain capital expenditures and other improvements for the property and to grant the lender a continuing security interest for postpetition advances on the same collateral that the lender currently holds a security interest.  In support of this Motion, Debtor states as follows:

## JURISDICTION

1.     On December 1, 2008, Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.  Debtor and Sunwest Management, Inc. ("Sunwest") were part of a group of hundreds of related entities involved in acquisition, development, design, construction, financing, insuring, and operating senior living and other properties (the "Sunwest Enterprise").

2.     On March 2, 2009, the United States Securities and Exchange Commission ("SEC") commenced an action in this Court against Sunwest Management, Inc. and other persons and entities for, among other things, violation of federal securities laws, and seeking an injunction and appointment of a receiver in SEC v. Sunwest Management, Inc., et al., U.S. District Court Case No. 09-cv-6056-HO ("SEC Receivership Case").  On March 10, 2009, the Court entered its Order in the SEC Receivership Case granting an injunction and appointing Michael Grassmueck as Receiver ("Receiver") and Clyde Hamstreet as Chief Restructuring Officer ("CRO") of the Receivership Entities as defined therein that were part of the Sunwest Enterprise (the "Receivership Entities").

3.     On October 2, 2009, this Court entered its Order (the "Approval Order") in the SEC Receivership Case approving the Distribution Plan of Receiver and Chief Restructuring Officer for Sunwest Enterprise (the "Distribution Plan").  The Court also entered Findings of

PAGE 2 -   DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER AUTHORIZING
             POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364(d) (Wichita Falls
             Apartments Property, LLC)

Fact and Conclusions of Law.  The Court recognized that the Receivership Entities were operated as a unitary enterprise that did not respect the legal separateness of the various entities, and the Court ordered that the assets and liabilities of the Receivership Entities be consolidated into the bankruptcy estate of Debtor and reorganized in this bankruptcy case.

4.     On October 2, 2009, the consolidated Schedules of Assets and Liabilities and the consolidated Statement of Financial Affairs for the Receivership Entities were filed in this case.

5.     On November 12, 2009, Debtor, the Tenants-in-Common Committee and the Unsecured Creditors' Committee filed their Joint Motion for Substantive Consolidation of Assets and Liabilities of Sunwest Related Entities (the "Consolidation Motion").  The Consolidation Motion was granted by Order Granting Joint Motion of Debtor, the Tenants-in-Common Committee and the Unsecured Creditors' Committee for Substantive Consolidation of Assets and Liabilities of Sunwest Related Entities entered on December 22, 2009 (the "Consolidation Order").  The Consolidation Order provided that all assets and liabilities of the entities identified therein (the "Sunwest Entities") are substantively consolidated into Debtor's bankruptcy estate, that equitable title to real property held by all Sunwest Entities is consolidated into Debtor's bankruptcy estate, and that Debtor shall have the right to convey title or interests in real property pursuant to a confirmed plan of reorganization or other order of the Court.

6.     Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.  No trustee or examiner has been appointed in Debtor's case.

7.     The statutory bases for the relief requested by this Motion are 11 U.S.C.

§ 364(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

9.     Debtor, Wichita Falls Apartments Property, LLC, closed its acquisition of a 372-unit apartment complex located in Wichita Falls, Texas called French Quarter Apartments (the "Property") in October of 2007.  The first mortgage loan on the Property was provided by NewStar CP Funding LLC ("Lender") pursuant to a Loan Agreement between Debtor and Lender dated October 17, 2007 and attached hereto as Exhibit 2 (the "Loan Agreement").  The loan amount was set at a maximum of $13,180,000.  Of that amount $8,457,000 was advanced upon the closing of the acquisition of the Property.  The remaining $4,723,000 loan balance was not advanced, but was earmarked in two separate reserves:  (i) $400,000 as a debt service reserve; and (ii) $4,323,000 as a property renovation reserve.  Prior to the bankruptcy filing, Lender advanced additional funds such that the total advanced under the loan is currently $12,020,435.16, plus interest accrued and accruing, costs, expenses, fees (including attorneys' fees and legal expenses), any applicable prepayment premium, other charges and other obligations due under the Loan Agreement and the other loan documents.

10.     Debtor's obligations under the Loan Agreement are secured by, among other documents, a first priority Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing with respect to the Property granted to Newstar Financial, Inc., the administrative agent, which is attached hereto as Exhibit 3 ("Deed of Trust").

* * *

* * *

PAGE 4 -   DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER AUTHORIZING
           POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364(d) (Wichita Falls
           Apartments Property, LLC)

## RELIEF REQUESTED

11.    By this Motion, Debtor requests entry of an order pursuant to 11 U.S.C.

§ 364(d) authorizing Debtor to obtain and incur postpetition financing from Lender consisting of

loans and advances of amounts remaining to be drawn under the Loan Agreement for the

purpose of enabling Debtor to fund ongoing renovations of the Property.  Such postpetition

financing shall be on the same terms as the Loan Agreement and secured by the same collateral.

12.    Lender has been asked to approve the following additional advances under

the Loan Agreement for ongoing renovations at the Property:

A.    $71,996.79 applied against the property renovation reserve to

provide for capital improvements already incurred in the renovation of the club house on the

Property;

B.    Approximately $6,000 future draw request against the property

renovation reserve for additional work scheduled to be done to complete the renovation of the

club house; and

C.    $32,674.55 draw request against the debt service reserve for the

January 2010 debt service payment.  This draw is necessary because January had three pay

periods and additional extraordinary expenditures left no net operating income to cover debt

service.

13.    In addition to the postpetition advances described above, Debtor also

requests that it be authorized to borrow such additional sums from the reserves as may be

necessary or appropriate in the future and as agreed to by Lender.

14.    All postpetition sums and advances made by Lender to Debtor shall

continue to be secured by a security interest and lien on the property and assets in which Lender

held a first priority security interest as of the petition date, together with a lien and security interest in all assets in which the Lender was granted a lien as adequate protection pursuant to the Order Authorizing Use of Cash Collateral and Granting Adequate Protection entered by this Court dated October 8, 2009 and subsequent cash collateral orders entered by the Court with respect to the Property (collectively, the "Cash Collateral Order").  The postpetition advances shall constitute a lien of equal priority on such collateral as the lien securing the prepetition obligations.

15.     All postpetition loans and advances will be on the terms and conditions set forth in the Loan Agreement.

16.     Pursuant to the Loan Agreement, all loaned amounts will bear interest at the Effective LIBO Rate (as that term is defined in the Note attached to the Loan Agreement), unless Debtor elects otherwise under the terms of the Loan Agreement.  The postpetition loan shall be due and payable coterminous with the prepetition loan, and the terms of any restructuring approved by the Court through a Plan of Reorganization shall apply to both the prepetition and postpetition loans as one loan, provided, however, that until a Plan of Reorganization has been confirmed the principal balance of any postpetition advances and loans made pursuant to this Motion shall be repaid by all Excess Cash Flow from the Property, such repayment to occur at such intervals as the Lender may require, but no more frequently than monthly.  As used herein, the term "Excess Cash Flow" shall mean all monthly Property revenues, less (a) actual operating expenses not to exceed the amounts of such operating expenses allowed under the Cash Collateral Order, as amended by the budget attached hereto as Exhibit 4, and (b) debt service accruing under the Loan Agreement.

17.     Pursuant to Bankruptcy Rule 4001(c)(1)(B)(i), all postpetition loans and

advances made by Lender will be secured by a security interest and lien on the Property as set forth in the Deed of Trust, with such lien having equal priority as the liens securing the prepetitions obligations, together with a lien and security interest in all assets in which the Lender was granted a lien as adequate protection pursuant to the Cash Collateral Order. 11 U.S.C. § 364(d).  The postpetition loans and advances to be made pursuant to the Loan Agreement do not contain any other provision described in Bankruptcy Rule 4001(c)(1)(B)(ii)-(xi).

  18. Debtor is unable to obtain postpetition financing on an unsecured basis in amounts necessary to fund anticipated expenses or on a secured basis on terms and conditions more favorable than those offered by Lender.  The terms and conditions of the Loan Agreement are fair and reasonable and are the best available to Debtor under present market conditions and Debtor's financial circumstances.

  19. Good cause exists for approval of the postpetition financing and for entry of an interim order.  Among other things, entry of an interim order will permit Debtor to continue its business operations at this facility uninterrupted and to preserve the enterprise value. Debtor may suffer immediate and irreparable harm if it is not authorized to borrow said sums from Lender, and Debtor may otherwise be unable to meet its operating expenses or pay for the completed improvements, which would result in additional liens being imposed upon Debtor's facility.

  20. Notice of this Motion has been given to all parties on the ECF notice system on file with the Court.

* * *

* * *

PAGE 7 - DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER AUTHORIZING POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364(d) (Wichita Falls Apartments Property, LLC)

WHEREFORE, Debtor requests entry of an interim and final order granting the

relief requested herein, and such other and further relief as the Court may deem proper.

DATED:  April 15th 2010.

TONKON TORP LLP

By  /s/Timothy J. Conway
    Albert N. Kennedy, OSB No. 821429
    Direct Dial:    (503) 802-2013
    Timothy J. Conway, OSB No. 851752
    Direct Dial:    (503) 802-2027
    Attorneys for Debtor

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER AUTHORIZING POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364(d) (Wichita Falls Apartments Property LLC)** was served on all ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

In addition, I served the foregoing on the following parties by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below.

Kevin J. Lyons, Esquire
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108

DATED:  April 15th, 2010.

TONKON TORP LLP

By  _/s/Timothy J. Conway_
Albert N. Kennedy, OSB No. 821429
Direct Dial:    (503) 802-2013
Timothy J. Conway, OSB No. 851752
Direct Dial:    (503) 802-2027
Attorneys for Debtor

1213204.2

034618/00002/2055071v7