**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
   Direct Dial: (503) 802-2013
   Facsimile: (503) 972-3713
   E-Mail: al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
   Direct Dial: (503) 802-2027
   Facsimile: (503) 972-3727
   E-Mail: tim.conway@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

   Attorneys for Debtor

FILED '10 JUL 19 12:27 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| In re | **USDC Case No. 09-cv-6082-HO** |
| **STAYTON SW ASSISTED LIVING, L.L.C.** (the Consolidated Sunwest Related Entities), | Bankruptcy Court Case No. 08-36637-tmb11 (Reference Withdrawn). |
| Debtor. | **ORDER CONFIRMING RECEIVER'S CRO'S AND DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION AS MODIFIED BY THE FIRST MODIFICATION TO THE SECOND AMENDED JOINT PLAN OF REORGANIZATION** |

Receiver's, CRO's and Debtor's Second Amended Joint Plan of Reorganization (May 27, 2010), as amended by the First Modification to Receiver's, CRO's and Debtor's Second Amended Joint Plan of Reorganization (the "Plan"), having come on for hearing on July 13, 2010, and the Court after hearing on notice and having considered all responses and objections filed in opposition to confirmation and having received testimony and other evidence and having considered the records in this case, including pleadings and

Page 1 - ORDER CONFIRMING RECEIVER'S CRO'S AND DEBTORS' SECOND
         AMENDED JOINT PLAN OF REORGANIZATION AS MODIFIED BY THE
         FIRST MODIFICATION TO THE SECOND AMENDED JOINT PLAN OF
         REORGANIZATION

evidence presented at evidentiary hearings, and the Court having issued its Findings of Fact and Conclusions of Law separately in connection herewith, and the Court having determined that the requirements for confirmation set forth in 11 U.S.C. § 1129(a) and (b) have been satisfied, now therefore,

IT IS ORDERED as follows:

1. The Motion to Modify Receiver's, CRO's and Debtor's Second Amended Joint Plan of Reorganization (May 27, 2010) is granted. The Plan is confirmed in all respects pursuant to 11 U.S.C. § 1129. A copy of the confirmed Plan is attached hereto as Exhibit A. Any and all objections have either been withdrawn or are hereby overruled in their entirety. Capitalized terms used but not defined in this Order shall have the meaning assigned to them in the Plan. As used herein, the term "Proponents" shall include all Sunwest Entities.

2. The Court expressly retains jurisdiction to resolve any disputes regarding the treatment under the Plan of the Claims of Class 4 Secured Creditors if the parties are unable to reach final agreement on the terms of loan modification agreements or other documents. All Class 4 Secured Claims that are not separately classified and treated in Sections 4.4.2 through 4.4.55 of the Plan will be treated under Sections 4.4.1 and 4.4.2 of the Plan.

3. The APA, as amended by Amendment No. 3 to the Agreement of Purchase, Sale and Contribution, (the "APA") and each of the agreements, documents and instruments executed in connection therewith is approved in its entirety. The APA and Transaction Documents, and any other related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on Debtor's estate.

Page 2 -  ORDER CONFIRMING RECEIVER'S CRO'S AND DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION AS MODIFIED BY THE FIRST MODIFICATION TO THE SECOND AMENDED JOINT PLAN OF REORGANIZATION

4. Proponents are hereby authorized and directed to take all actions and enter into and execute all documents reasonably necessary or appropriate to effectuate the Plan, including, but not limited to, all obligations under the Transaction Documents. The transactions authorized herein shall be of full force and effect, regardless of any Proponent's or TIC Investor's lack of good standing in any jurisdiction in which such Proponent or TIC Investor is formed or authorized to transact business.

5. Proponents are authorized and directed to execute any documents and take all other actions to transfer the Holdco Properties free and clear of all Encumbrances (as defined in the APA), TIC Interests, Required Removal Exceptions (as defined in the APA) and any other debts, claims, liens, liabilities or obligations (other than the Assumed Liabilities and Permitted Exceptions as those terms are defined in the APA) with any claims thereto attaching to the net proceeds of the sale of the Holdco Properties with the same validity, force and effect, and in the same order of priority, such claims now have against the Holdco Properties or the proceeds, subject to any rights, claims and defenses Proponents, as applicable, may possess with respect thereto, and all Persons are enjoined from in any way pursuing Acquirer, any affiliates of Acquirer or the Holdco Properties by suit or otherwise to recover on any Claims they may have against Debtor or the Holdco Properties as of the Effective Date.

6. The sale of the Holdco Properties to Acquirer pursuant to the Plan and this Order will vest Acquirer with good title to the Holdco Properties, free and clear of all Encumbrances (as defined in the APA), TIC Interests, Required Removal Exceptions and any other debts, claims, liens, liabilities or obligations, other than the Assumed Liabilities and Permitted Exceptions (as defined in the APA). Proponents are authorized and directed to execute any documents and take any further action to release any Encumbrances (as defined in the APA), TIC Interests, Required Removal Exceptions, Excluded Obligations and any other debts, claims, liens, liabilities or obligations (other than the Assumed Liabilities and

Page 3 - ORDER CONFIRMING RECEIVER'S CRO'S AND DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION AS MODIFIED BY THE FIRST MODIFICATION TO THE SECOND AMENDED JOINT PLAN OF REORGANIZATION

Permitted Exceptions as defined in the APA). A certified copy of this Order may be filed with the appropriate clerk(s) and/or recorded with the recorder(s) which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of the Excluded Obligations and all Encumbrances with respect to the Holdco Properties as of the Closing Date of any kind or nature whatsoever, other than the Assumed Liabilities.

7. The APA was negotiated, proposed and entered into by the parties without collusion, in good faith and from arm's length bargaining positions.

8. Acquirer has not assumed any liability or obligations with respect to the Excluded Obligations. All Persons are enjoined from in any way pursuing Acquirer, any affiliates of Acquirer or the Holdco Properties by suit or otherwise to recover on any claims they have against Debtor or any Sunwest Entity with respect to Excluded Obligations.

9. Acquirer is not merely a continuation of Debtor or any Sunwest Entity, there is no continuity of enterprise between Debtor, any Sunwest Entity and Acquirer, Acquirer is not a successor to Debtor or any Sunwest Entity, and the transactions contemplated by the APA do not amount to, or otherwise constitute a consolidation, merger or de facto merger of Acquirer and Debtor (or any Sunwest Entity).

10. The Assignment and Assumption of the Assumed Executory Contracts, Assumed Loan Documents, Assumed Unexpired Leases, and all Resident Contracts, except those otherwise specifically rejected by separate Order of Court as provided in the Plan are approved.

11. All defaults under the Assumed Executory Contracts, Assumed Unexpired Leases, Ground Leases and Resident Contracts to be assigned pursuant to the Plan (collectively, the "Assigned Agreements") have been or will be prior to the Effective Date cured by Debtor or waived by the counterparties to the Assigned Agreements and Acquirer has provided adequate assurances of future performance in respect of the Assigned Agreements to be assumed by Acquirer. Any provisions in any Assigned Agreements or

Permitted Exceptions (as defined in the APA) that restrict, prohibit or condition the assignment of such Assigned Agreements or the transfer of the Holdco Properties or allow any party to such Assigned Agreements or Permitted Exceptions to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assigned Agreement, or the transfer of the Holdco Properties, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under Sections 363 and 365 of the Bankruptcy Code for the assignment to Acquirer and the assumption by Acquirer of the Assigned Agreements and the transfer of the Holdco Properties have been satisfied. Upon the Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, Acquirer shall be fully and irrevocably vested with all right, title and interest of Debtor under the Assigned Agreements. All counterparties to the Assigned Agreements and Permitted Exceptions are forever barred and permanently enjoined from raising or asserting against Proponents or Acquirer any assignment fee, default, breach or claim, or pecuniary loss arising under or related to the Assigned Agreements and Permitted Exceptions existing as of the Effective Date or any assignment fee or condition to assignment arising by reason of the Closing.

        12.     Pursuant to 11 U.S.C. § 1146(a), the issuance, transfer or exchange of any security under the Plan, or the execution, delivery or recording of an instrument or transfer pursuant to, in implementation of, or as contemplated by the Plan, or the revesting, transfer, conveyance or sale of any real or personal property, including any TIC Interest, of Debtor, Reorganized Company or a TIC, and any transfers and conveyances of the Holdco Properties to Acquirer pursuant to, in implementation of, or as contemplated by the Plan, shall not be taxed under any state or local law imposing a document recording tax, conveyance fee, sales tax, stamp tax, deed stamp, transfer tax, mortgage tax, filing or recording fee, intangibles or similar tax, or similar tax or fee. Consistent with the foregoing, each recorder of deeds or similar official for any city, county or governmental unit in which

Page 5 -  ORDER CONFIRMING RECEIVER'S CRO'S AND DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION AS MODIFIED BY THE FIRST MODIFICATION TO THE SECOND AMENDED JOINT PLAN OF REORGANIZATION

any instrument contemplated by the Plan is to be recorded is ordered and directed to accept such instrument without requiring the payment of any documentary, recording tax, stamp tax, conveyance fee, sales tax, mortgage tax, filing or recording fee, deed stamp, transfer tax, intangibles tax or similar tax, or similar tax or fee. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the transactions approved by this Order.

13. To the extent permitted under the Bankruptcy Code or other applicable law, this Order and the Plan shall be binding upon and shall govern the acts of all entities, including, but not limited to, Debtor, Reorganized Company, Claimants, Creditors, Investors, and all holders of Interests, and their respective successors, heirs and assigns and any subsequently appointed Chapter 11 or Chapter 7 trustee of Stayton, and all taxing authorities, filing agents, filing officers, title agents, title companies, recorders and/or registrars of mortgages, recorders and/or registrars of deeds, administrative agencies, governmental agencies or departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure as to title or state of title in or to the Holdco Properties or Trustco Properties, or any part thereof, and may be specifically enforced by Debtor, Reorganized Company, Trust Company or Acquirer.

14. This Court shall retain jurisdiction to resolve any controversy or claim as set forth in the Plan, including, but not limited to, any controversy or claim arising out of or relating to the APA.

15. This Order is a Final Order and the period in which an appeal must be filed shall commence immediately upon the entry hereof and in accordance with the Bankruptcy Rule 3020.

16. Debtor, Reorganized Company, Trustco, Rollover Member LLC, Receiver and CRO are authorized and directed to take any corporate or any other action

Page 6 -  ORDER CONFIRMING RECEIVER'S CRO'S AND DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION AS MODIFIED BY THE FIRST MODIFICATION TO THE SECOND AMENDED JOINT PLAN OF REORGANIZATION

necessary, useful or appropriate to consummate, effectuate and implement the Plan and transactions contemplated by the Plan and to perform their obligations under the Plan. Specifically, Receiver and Rollover Member LLC are authorized and directed to distribute Rollover Equity Interests, including the non-voting profits participation interest, to Investors and the HFG Parties as provided in the Plan, the Distribution Plan, or by other Order of this Court.

17. Receiver and CRO are specifically authorized and empowered to take any corporate or other action on behalf of any Sunwest Entity that is necessary or appropriate to consummate, effectuate and implement the Plan and transactions contemplated by the Plan and to perform their obligations under the Plan, including the transfer and conveyance to Acquirer of the Holdco Properties on behalf of the Sunwest Entity holding legal title to such Holdco Properties.

18. In accordance with 11 U.S.C. § 1145, the issuance by Sunwest Rollover Member LLC of Rollover Equity Interests to Investors and the HFG Parties under the terms of the Plan are exempt from Section 5 of the Securities Act of 1933 and any state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in a security.

19. The Facilities known as Golden Eagles Plaza and Eagles Manor, and the Sunwest home office building located at 3723 Fairview Industrial Drive, SE, Salem, Oregon, are each designated as Divestco Properties for all purposes under the Plan. The Settlement Agreement between Debtor, Receiver and LNR attached to the Plan as Exhibit 9-46 is approved and is binding on all parties.

20. Nothing in this Order or in the Plan will impair the validity or priority of any lien securing a Class 4 Secured Claim. All liens securing Class 4 Secured Claims will retain the validity and priority they had as of the Petition Date. Consequently, no appeal

from this Order or any Order entered in this case will impair the validity or priority of a lien securing a Class 4 Secured Claim.

21.     On the Effective Date or as soon thereafter as possible, Debtor will pay all accrued property taxes and interest owing on the real property leased by Debtor from Bhree Roumagoux, Trustee for the E. Margaret Brummel Restated Revocable Trust and the Clyde U. Brummel Restated Revocable Trust.

DATED this 19th day of July, 2010.

                                        Michael R. Hogan
                                        United States District Court Judge

034618/00002/2315103v2

Page 8 -   ORDER CONFIRMING RECEIVER'S CRO'S AND DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION AS MODIFIED BY THE FIRST MODIFICATION TO THE SECOND AMENDED JOINT PLAN OF REORGANIZATION